**SO ORDERED.**

**SIGNED this 06 day of December, 2010.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

In re: RICHARD I ROGERS )  Case no.  10-13138
       THERESA M ROGERS )  Chapter  13
       )

### ORDER MODIFYING AND CONFIRMING PLAN

At Wichita, Kansas on November 17, 2010, a hearing of the application for confirmation of the plan in the above proceedings was held; appearances were made as recorded in the official minutes; whereupon,

The Debtor's proposed plan is submitted to, and examined by the Court; objections to confirmation, if any, are heard by the Court; and having heard the evidence, examined the plan and statements of interested parties, the Court finds the plan as presented for confirmation and as modified herein, complies with the provisions of Chapter 13, Title 11, of the United States Code;

THEREUPON, the Court, finding that the provisions of said chapter have been complied with;

ORDERS that the Debtor's plan as modified herein is confirmed.

IT IS FURTHER ORDERED that the Debtor(s) shall make plan payments to the Trustee in the monthly amount of $ *2,020.00*, as required by the Plan as confirmed herein. If Debtor's employer has been ordered to make the Plan payment but does not, then Debtor shall remit the plan payments directly to the Trustee. The Debtor(s) is ultimately responsible to timely make all Plan payments. If the Debtor(s) does not cause such payments to be timely made, the Trustee may request, and the Court may order, without further notice, an order directing the Debtor(s) employer to make the appropriate deductions and payments to the Trustee.

IT IS FURTHER ORDERED that the Debtor's plan shall be modified as follows:

ORDER MODIFYING AND CONFIRMING PLAN 12/1/10 jlh

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
In Re: Chapter 13, Case No. 10-13138
RICHARD I ROGERS
THERESA M ROGERS
December 1, 2010
Page 2
ORDER MODIFYING AND CONFIRMING PLAN

1. The secured claim of Credit Union of America shall be paid to the value of $6,875.00 with interest at the Trustee's discount rate of 4.75% until paid in full. Any remaining balance on the claim shall be treated as a general unsecured claim and will be paid in accordance with the confirmed plan.

IT IS FURTHER ORDERED that should the Debtor(s) change either his address or employment, the Debtor(s) shall immediately notify the Court and the Trustee of same, in writing. Notice of a change in employment shall include the name and appropriate mailing address for the payroll department of the new employer.

IT IS FURTHER ORDERED that the Debtor(s) shall not incur any additional debts during the pendency of the plan without prior approval by the Court or by the Trustee, except debts that may be necessary for the protection and preservation of the life, health or property, such as food, clothing, lodging or medical care for the Debtor(s) and family. During the pendency of this case, Debtor(s) is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without prior order of the Court, except as may be required in the course of Debtor's business, if Debtor(s) is engaged in business.

IT IS FURTHER ORDERED that the Debtor(s) shall timely file all tax returns that become due during the pendency of the case, and provide a copy to the Trustee at the same time the return is filed, if requested by the Chapter 13 Trustee.

IT IS FURTHER ORDERED that the amount of the pre-petition mortgage note arrearage, if any, as specified in real estate creditor's proof of claim, shall govern, unless the amount is specifically controverted in the plan or by an objection to the claim as required by D. Kan. L.B.R. 3015(b)1. Creditors will be bound by the interest rate stated in the plan, unless modified by a separate order.

IT IS FURTHER ORDERED that if the Debtor(s) pays the pre-petition arrearage as determined in the foregoing paragraph, together with interest, if any, as specified in the plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

IT IS FURTHER ORDERED that the amount to be paid to unsecured creditors, in an above median case, shall be determined in accordance with Line 59 of B22C or an order of the Court to the contrary.

IT IS FURTHER ORDERED that the Trustee is authorized to deduct a floating percentage fee up to the statutorily allowed maximum as an administrative fee.

IT IS FURTHER ORDERED that after approval of the Trustee's Final Report and Account by the Court, all property of the bankruptcy estate that is not proposed or reasonably contemplated to be distributable under the Plan, shall re-vest in Debtor as Debtor's property following dismissal or discharge.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
In Re: Chapter 13, Case No. 10-13138
RICHARD I ROGERS
THERESA M ROGERS
December 1, 2010
Page 3
ORDER MODIFYING AND CONFIRMING PLAN

IT IS FURTHER ORDERED that confirmation of this plan is a finding that the Debtor(s) has complied with all of the applicable provisions of 11 U.S.C. §§ 1322 and 1325 and that the Debtor(s) has fulfilled all pre-confirmation obligations under 11 U.S.C. § 521.

IT IS FURTHER ORDERED that the Trustee shall mail to the Debtor(s) and file with the Court a report showing the funds received and the disbursements made by her at least once each six months.

IT IS FURTHER ORDERED that all funds which remain unclaimed ninety days after distribution of the final dividend shall be processed and deposited as provided by Bankruptcy Rule 3011.

IT IS SO ORDERED.

*# # #*

Prepared and Approved by


*s/Laurie B. Williams*
Laurie B. Williams, S. Ct. #12868
Standing Chapter 13 Trustee
225 N. Market, Suite 310
Wichita KS 67202
(316) 267-1791


*s/Alisa M. Arst*
Alisa M. Arst, S. Ct. #14605
Attorney for Debtor(s)
150 N. Main, Suite 515
Wichita KS 67202
(316) 265-4222


*s/James R Hanson*
James R Hanson, S. Ct. #05316
Attorney for Credit Union of America
301 N. Main, Suite 1300
Wichita KS 67202
(316) 264-7321